IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KRAIHON ALOYSIUS MORGAN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | NO. 5:25-cv-00275-MTT-CHW |
| | : | |
| **HOUSTON COUNTY** | : | |
| **DETENTION CENTER,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **ORDER**

*Pro se* Plaintiff Kraihon Aloysius Morgan filed a complaint seeking relief under 42 U.S.C. § 1983 while he was in the Houston County Detention Center in Perry, Georgia. ECF No. 1. Plaintiff also moved to proceed *in forma pauperis*. ECF No. 2. Thereafter, mail sent to Plaintiff at the Detention Center was returned to this Court as undeliverable. ECF No. 4. As a result, the Magistrate Judge ordered Plaintiff to show cause why this case should not be dismissed based on his failure to keep the Court informed of his address. ECF No. 5. Thereafter, on August 12, 2025, Plaintiff filed a notice of change of address, which appeared to indicate that he had been released from custody. *See* ECF No. 6.

Mail sent to Plaintiff at the address identified in the notice of change of address, however, was also returned to this Court as undeliverable with a notation that there was no mail receptacle. ECF No. 9. Thus, the Magistrate Judge ordered Plaintiff to notify this Court in writing as to whether mail could be received at this address or to provide an updated address. ECF No. 10. Because it appeared that Plaintiff had been released from

custody, the Magistrate Judge also ordered Plaintiff to file a non-prisoner pauper's affidavit if he was seeking to proceed *in forma pauperis*. *Id.* Plaintiff was given fourteen days to respond and was cautioned that if he failed to respond or if mail continued to be returned as undeliverable, the Court would have no way to communicate with Plaintiff and this case may be dismissed for failure to prosecute. *Id.*

More than fourteen days passed after that order was entered. In that time, the Magistrate Judge's order was returned to this Court as undeliverable with a notation that the address was insufficient. ECF No. 11. Plaintiff did not provide any other address or otherwise contact the Court. Therefore, on November 5, 2025, this Court dismissed Plaintiff's case without prejudice based on his failure to keep the Court informed as to his current address or otherwise prosecute this case. ECF No. 12 (citing Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.")). The order of dismissal was also returned to this Court as undeliverable. ECF No. 14.

On December 3, 2025, Plaintiff filed a notice of change of address (ECF No. 15) and a motion to reconsider the dismissal and reopen this case (ECF No. 16). The motion states that Plaintiff was not getting mail at the address he previously gave and asks that the case be reopened based on his lack of notice. ECF No. 16. The docket sheet supports Plaintiff's assertion that he did not receive the orders sent by the Court.

"A post-judgment motion may be treated as made pursuant to either [Federal Rule

2

of Civil Procedure] 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (citation omitted). Rule 60(b) permits relief from the judgment based on excusable neglect or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Here, Plaintiff's failure to respond could fall under either of these subsections. Moreover, the Court finds that Plaintiff acted within a reasonable time to seek relief in this situation. Therefore, the motion for reconsideration is **GRANTED** pursuant to Rule 60(b). The order of dismissal and judgment (ECF Nos. 12 & 13) are therefore **VACATED**.

As previously ordered by the Magistrate Judge, if Plaintiff is seeking to proceed with this action *in forma pauperis*, he must file a non-prisoner pauper's affidavit. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his non-prisoner pauper's affidavit. Plaintiff is instructed to notify the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's claims.**

The clerk is **DIRECTED** to forward Plaintiff a non-prisoner pauper's affidavit and a copy of the Magistrate Judge's order to file that document (ECF No. 10) along with Plaintiff's service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 13th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT