IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KRAIHON ALOYSIUS MORGAN, :
           :
   **Plaintiff,**     :
           :
    V.      :  **NO. 5:25-cv-00275-MTT-CHW**
           :
HOUSTON COUNTY    :
DETENTION CENTER,   :
           :
   **Defendant.**    :
_____:

## ORDER OF DISMISSAL

*Pro se* Plaintiff Kraihon Aloysius Morgan filed a complaint seeking relief under 42 U.S.C. § 1983 while he was in the Houston County Detention Center in Perry, Georgia. ECF No. 1.   Plaintiff also moved to proceed *in forma pauperis*.   ECF No. 2.   Thereafter, mail sent to Plaintiff at the Detention Center was returned to this Court as undeliverable. ECF No. 4.   As a result, the Magistrate Judge ordered Plaintiff to show cause why this case should not be dismissed based on his failure to keep the Court informed of his address. ECF No. 5.   Thereafter, Plaintiff filed a notice of change of address, which appeared to indicate that he had been released from custody.   *See* ECF No. 6.

Mail sent to Plaintiff at the address identified in the notice of change of address, however, was also returned to this Court as undeliverable.   ECF No. 9.   Thus, the Magistrate Judge ordered Plaintiff to notify this Court in writing as to whether mail could be received at this address or to provide an updated address.   ECF No. 10.   Because it appeared that Plaintiff had been released from custody, the Magistrate Judge also ordered

Plaintiff to file a non-prisoner pauper's affidavit if he was seeking to proceed *in forma pauperis*. *Id.* Plaintiff was given fourteen days to respond and was cautioned that if he failed to respond or if mail continued to be returned as undeliverable, the Court would have no way to communicate with Plaintiff and this case may be dismissed for failure to prosecute. *Id.*

More than fourteen days passed after that order was entered. In that time, the Magistrate Judge's order was again returned to this Court as undeliverable, ECF No. 11, and Plaintiff did not provide any other address or otherwise contact the Court. Therefore, this Court dismissed Plaintiff's case without prejudice based on his failure to keep the Court informed as to his current address or otherwise prosecute this case. ECF No. 12. The order of dismissal was also returned to this Court as undeliverable. ECF No. 14.

After this case was dismissed, Plaintiff filed a notice of change of address (ECF No. 15) and a motion to reconsider the dismissal and reopen this case (ECF No. 16). The motion stated that Plaintiff was not getting mail at the address he previously gave and asked that the case be reopened based on his lack of notice. ECF No. 16. This Court granted Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b), reopened the case, and ordered Plaintiff to file a non-prisoner pauper's affidavit. ECF No. 18. Plaintiff was given fourteen days to file his non-prisoner pauper's affidavit and was cautioned that his failure to comply would result in the dismissal of this case. *Id.*

More than fourteen days have passed since that order was entered, and Plaintiff has not filed a non-prisoner pauper's affidavit or otherwise communicated with the Court. Therefore, because Plaintiff has failed to follow the Court's order and has otherwise failed

to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

　　　**SO ORDERED**, this 17th day of March, 2026.

　　　　　　　　　　　　　　　　S/ Marc T. Treadwell
　　　　　　　　　　　　　　　　MARC T. TREADWELL, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

3